**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 17, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMIE SCOTT WILSON,

    Defendant - Appellant.

No. 22-6145
(D.C. No. 5:21-CR-00021-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Jamie Scott Wilson's plea agreement pursuant to *United States v.*

*Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  Exercising jurisdiction

under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Mr. Wilson pleaded guilty to conspiracy to possess with the intent to distribute

50 grams or more of a mixture or substance containing detectable amount of

methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled

substance.  As part of his plea agreement, he waived "the right to appeal [his] guilty

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plea, and any other aspect of [his] conviction." Mot. to Enforce, Attach. 1 at 7. He also waived his right to appeal the sentence imposed, including "the manner in which the sentence is determined[,]" unless it is "above the advisory Guidelines range determined by the Court to apply" in his case. *Id.* Thus, the only issue he preserved for appellate review is the substantive reasonableness of an above-guideline sentence.[1] By signing the plea agreement, Mr. Wilson acknowledged that he understood the consequences of his plea, including the sentences that could be imposed and that he was waiving his right to appeal his conviction and a within-guidelines sentence.

At the change-of-plea hearing, the district court reminded Mr. Wilson of the possible sentences and broad appeal waiver, and he confirmed that he understood and that he wanted to plead guilty. Based on his responses to the court's questions and its observations of his demeanor during the hearing, the court accepted his plea as having been knowingly and voluntarily entered. The court then sentenced Mr. Wilson to 360 months' imprisonment. The sentence is at the bottom of the guidelines range, which the court determined was 360 to 480 months.

Despite the broad appeal waiver and within-guidelines sentence, Mr. Wilson filed a notice of appeal. His docketing statement indicates that the issue he intends to raise on appeal is that he received ineffective assistance of counsel.

---

[1] Mr. Wilson also waived his right to collaterally attack his conviction or sentence, but he reserved the right to raise a claim that he was prejudiced by ineffective assistance of counsel, subject to the requirements of 28 U.S.C. § 2255 or other applicable law.

2

In ruling on a motion to enforce, we consider whether the appeal falls within the scope of the appeal waiver, whether the defendant knowingly and voluntarily waived his right to appeal, and "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

In response to the government's motion to enforce, Mr. Wilson, through counsel, indicated that he "does not oppose the government's motion to enforce the appellate waiver based on . . . *Hahn*." Resp. to Mot. to Enforce at 1. By doing so, he conceded that the appeal waiver is enforceable under *Hahn*. In light of that concession, we need not analyze the *Hahn* factors. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (court need not address uncontested *Hahn* factors). And, based on that concession and our review of the record, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.[2]

Entered for the Court
Per Curiam

---

[2] Regarding the order entered on October 20, 2022, the Clerk is directed to maintain the status of the record documents as they currently exist on the docket.

3